THOMAS URIE *v.* J. B. STEVENS.

When the owner of property has lost all control over it, and cannot change its destination, it cannot be attached by his creditors.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Emerson*, for the appellant.

*Rawle*, contra.

MARTIN, J.   The plaintiff having obtained judgment against the defendant, caused Burke, Watt & Co., garnishees in this case, to be served with a rule to show cause why judgment *pro confesso* should not be rendered against them, condemning them to pay to the plaintiff the amount of the judgment rendered against the defendant, or at least the value of the property of the defendant in their hands, or which may have been in their possession since the institution of this suit ; and he is appellant from a judgment discharging that rule.   The Commercial Court was of opinion that the evidence established an actual advance, together with an assump-

tion, on the part of the garnishees and their agent, covering the whole proceeds of the cotton in their hands.    Our attention is arrested by a bill of exceptions, taken by the plaintiff and appellant. The attorney for the garnishees offered the depositions of two witnesses, to show as well the advances made by the garnishees to the defendant Stevens, as to prove that the agent of the garnishees at Vicksburg had entered into an agreement with an agent of Turner & Woodruff, to pay to the latter any balance that might remain, after the reimbursement of the advances of the garnishees, from the sales of the cotton in their hands.    The plaintiff's counsel objected to the reading of so much of the depositions as tended to establish the agreement of the garnishees' agent with that of Turner & Woodruff.    The objection was overruled, the court considering that the regular mode of proceeding would have been to call on the garnishees for supplemental answers, and when those answers were made, that the plaintiff might have traversed them ; but that as the parties saw fit to go to trial on this rule without doing so, and as any supplemental answers must have been based on information obtained from persons whose evidence has already beent aken, the case should be settled on the evidence now offered.    It does not appear to us that the court erred.    The principal objection to the evidence of the agreement between the garnishees' agent at Vicksburg and the agent of Turner & Woodruff, is that the agreement is not binding on the garnishees.    This objection appears to us of little moment, as it goes only to the relevancy of the evidence.    The appellant's counsel has contended that the rule was improperly discharged, because the garnishees' answers to the interrogatories were not full, clear, and categorical.    The garnishees answered that they had twenty-eight bales of cotton in their hands, the property of the defendant ; they did not deny that they had other property, nor did they state the value of the cotton.    Being asked whether they were indebted to the defendant, they answered that they could not state their situation with respect to him, without knowing whether any, and what advances had been made by their agent in Vicksburg to the defendant on the cotton.    We think with the judge a quo, that the plaintiffs might, or, indeed, ought to have insisted upon full answers to their interrogatories.    But this they neglected to do,    It has next been

contended that the depositions were improperly admitted to prove any thing but the advances, as the agreement on file is confined to the introduction of evidence of advances made by the garnishees. We cannot say that the first judge erred in considering the agreement as extending to advances actually made in cash, to goods furnished by the garnishees to the defendant, and to a promise to pay the money due to Turner & Woodruff.[*] Lastly, it is urged that the promise to pay Turner & Woodruff's claim was not binding on the garnishees, and gave them no privilege on defendant's funds in their hands, to the prejudice of third persons. The first judge was of opinion that there was an assumption by the garnishees of Turner & Woodruff's debt. In this we do not concur with him, if he meant to say that the garnishees incurred the obligation to pay it, even if, by any accident or legal proceedings, they should be prevented from realizing, by the sale of the cotton, a greater sum than they were entitled to retain on account of their advances. The evidence shows that the cotton was received by the garnishees under an engagement taken by their agent in Vicksburg with the defendant, or his agent, and the agent of Turner & Woodruff, that the garnishees should sell the cotton, and apply the proceeds to the reimbursement of their advances thereon, and to the payment, as far as the balance would go, of the claim of Turner & Woodruff. It is, therefore, clear that the defendant had lost the right to resume the cotton from the hands of the garnishees, and give it any other destination, to the injury of either the garnishees or of Turner & Woodruff, than that under which the garnishees had received it, in conformity to an agreement to which the defendant, the garnishees, and Turner & Woodruff were parties. If so, the plaintiff could not attach it; for it is a general rule that, where the owner of the property has lost all power over it, and cannot change its destination, creditors cannot attach. *Babcock* v. *Malbie*, 7 Mart. N. S. 130. Benjamin & Slidell's Digest, 47, and cases there cited. 13 La. 570.

*Judgment affirmed.*

---

[*] An agreement was entered into by the counsel in this case, to this effect: " That on the trial of the rule, the garnishees may introduce evidence to show that advances have been made by them on the cotton attached, and the amount thereof."